IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

UNITED STATES OF AMERICA

v. NO. 2:26-CR-040-Z (06)

TANNER GARRETT PITTS (06)

## FACTUAL RESUME

In support of Tanner Garrett Pitts's plea of guilty to the offense in Count Seven of the indictment, Pitts, the defendant, Natalie Archer, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count Seven of the indictment, charging a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), that is, Distribution or Possession with Intent to Distribute Fentanyl, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant knowingly distributed or possessed a controlled substance;

*Second.* That the substance was in fact fentanyl; and

*Third.* That the defendant distributed the substance or possessed the substance with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

---

[1] Fifth Circuit Pattern Jury Instruction 2.95A (5th Cir. 2024) (Modified to incorporate distribution of a controlled substance. *See United States v. Ambriz*, 727 F.3d 378, 382-84 (5th Cir. 2013)).

## STIPULATED FACTS

1. Tanner Garrett Pitts admits and agrees that on April 6, 2026, in the Amarillo Division of the Northern District of Texas, and elsewhere, he did knowingly or intentionally distribute or possess with intent to distribute a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

2. On April 6, 2026, at approximately 8:06 p.m., Drug Enforcement Administration (DEA) agents leaned that Tanner Garrett Pitts's white Lincoln MKZ was traveling near US 60 and Pondaseta Road towards Clovis, New Mexico. Agents had information that Pitts may be purchasing powdered fentanyl from Wesley Flores, who resided in Clovis.

3. DEA agents contacted the Clovis Police Department (CPD) narcotics unit and requested assistance with surveillance. CPD officers drove by Flores's residence and observed Flores's Mercedes Benz and BMW SUV parked at the residence. At approximately 9:34 p.m., agents received information that showed Flores was traveling near Farwell, Texas. At approximately 9:52 p.m., agents located Pitts's Lincoln parked at the Dollar General located at 1401 US 60, Friona, Texas. Shortly thereafter, agents observed Flores's silver BMW SUV pulling into the Dollar General parking lot. The BMW SUV parked next to Pitts's Lincoln. Agents then observed Pitts get out of his vehicle and into the front passenger seat of the BMW SUV.

4. Moments later, agents observed Pitts getting out of the BMW SUV holding an item in his hands, and he returned to the Lincoln. The BMW SUV and the Lincoln then exited the parking lot of the Dollar General. Agents followed the Lincoln.

5. At approximately 10:34 p.m., a Texas Department of Public Safety (DPS) trooper conducted a traffic stop on the Lincoln for speeding, which is a violation of the Texas Transportation Code. The trooper contacted Pitts and advised Pitts the reason for the traffic stop. The trooper observed that Pitts was extremely nervous. During the traffic stop, the trooper observed some indicators leading the trooper to believe criminal activity was afoot. The trooper asked for consent to search Pitts's vehicle. Pitts denied consent.

6. The trooper requested that a narcotics detection canine unit respond to the traffic stop. Another DPS trooper arrived on the scene with his narcotics detection canine. The trooper deployed his canine to conduct a free-air sniff around the Lincoln. The canine gave a positive alert to odor of narcotics coming from the vehicle.

7. The troopers conducted a probable cause search of the vehicle. As troopers were searching the vehicle, Pitts told a trooper that the drugs were under the passenger seat in a small travel bag. Troopers located the travel bag under the passenger seat. The travel bag contained a small plastic bag filled with a white powdery substance and a plastic zip top bag containing an off-white crystalline substance. The white powdery substance tested positive for fentanyl and had a gross weight of approximately eight grams. The off-white crystalline substance tested positive for methamphetamine and had a gross weight of one gram.

8. Pitts was transported to the DPS office for an interview. An officer read Pitts his *Miranda* warnings. Pitts waived his rights and agreed to make a statement. During the interview, Pitts advised that he had just purchased the eight grams of fentanyl for $850 from Wesely Flores. Pitts stated that he purchased five to six grams of fentanyl from Flores every two weeks. Pitts advised he started purchasing fentanyl from Flores four to six months ago. Pitts admitted to distributing fentanyl. Pitts advised that he has about four customers that he distributes fentanyl to daily. Pitts stated that he distributes a tenth of a gram for $50-60 to these four customers every day.

9. The suspected fentanyl was sent to the DEA South Central Laboratory. The DEA Laboratory confirmed that the substance was, in fact, fentanyl, a Schedule II controlled substance. The substance had a total net weight of 6.031 grams. This amount of fentanyl is only consistent with distribution, as opposed to personal use.

10. Pitts admits that on April 6, 2026, he knowingly possessed with intent to distribute a controlled substance, namely fentanyl, a Schedule II controlled substance.

11. The defendant agrees that the defendant committed all the essential elements of the offense. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count Seven of the indictment.

AGREED TO AND STIPULATED on this 24th day of September, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

Tanner Pitts
Tanner Garrett Pitts
Defendant

Natalie Archer
Natalie Archer
Attorney for Defendant

Anna Marie Bell
ANNA MARIE BELL
Assistant United States Attorney
New Mexico State Bar Number 12501
500 South Taylor Street, Suite 300
Amarillo, Texas 79101-2446
Tel: 806-324-2356
Fax: 806-324-2399
Email: anna.bell@usdoj.gov